The People of the State of New York, 
against
Richard Quezada, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered January 20, 2017, convicting him, upon his plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered January 20, 2017, affirmed.
The record demonstrates that defendant's guilty plea to criminal possession of stolen property in the fifth degree (see Penal Law § 165.40) was knowing, intelligent and voluntary. Assuming in defendant's favor that the plea court was under a duty to inform him of the immigration consequences of his guilty plea to this class A misdemeanor, an issue left open in People v Peque, 22 NY3d 168, 197, n 9 (2013), cert denied _ US __, 135 S Ct 90 (2014), the allocution record shows that the court properly discharged whatever duty it may have had to do so (see People v Peque, 22 NY3d at 197, n 9; People v Bassou, 44 Misc 3d 131[A], 2014 NY Slip Op 51078[U][App Term, 1st Dept 2014], lv denied 24 NY3d 1042 [2014]; see also CPL 220.50[7]).
In any event, a Peque hearing is not required in this particular case, inasmuch as it is highly unlikely, given the terms and circumstances of the plea, that defendant could make the requisite showing of prejudice under Peque if granted a hearing. In this regard, the misdemeanor information established that defendant possessed a stolen tablet computer while he was rummaging around a vehicle without permission from its owner. By pleading guilty, defendant received an extremely favorable disposition, a sentence of time served. At the time, defendant faced up to one year in prison if convicted after trial of the offense to which he pleaded (see Penal Law § 70.15[1]), and three months on the attempted petit larceny charge (see Penal Law § 70.15[2]). Defendant also had a lengthy criminal history, including a prior felony conviction that already rendered him subject to deportation (see People v Peque, 22 NY3d at 191) and, at the time of the plea, he was in custody in Westchester County due to a felony grand larceny charge. In the circumstances, it is highly unlikely that defendant, if granted a Peque hearing, could make the requisite showing that it was reasonably probable that he would have forgone the very favorable plea deal and instead insisted on going to trial had he been informed of the deportation consequences, or that he would have rejected the plea bargain (see People v Olmedo, 149 AD3d [*2]588 [2017], lv denied 29 NY3d 1084 [2017]; People v Barry, 149 AD3d 494 [2017], lv denied 29 NY3d 1123 [2017]).
Finally, we note that if defendant's guilty plea in this case actually results in immigration consequences, an issue that is far from clear at this juncture, he has a remedy pursuant to the newly enacted amendments to CPL 440.10(1)(j), which provides for a motion to vacate the conviction for a class A or unclassified misdemeanor based upon ongoing collateral consequences, including potential or actual immigration consequences (see CPL 440.10[1][j]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019